By the Court.
Except as provided by Section 486-17a, General Code, relating to the removal of a chief of police or chief of the fire department of a municipality, the courts of this state have no jurisdiction to review, affirm, reverse, or modify the order of removal of an officer, employe, or subordinate in the classified service of the state, made and entered by the appointing power, where it acts within the scope of its authority, and the order of removal is predicated upon one or more of the causes named in the statute.
*57 Prior to the passage of the civil service act, the person removed by the appointing power, acting within the scope of its authority, had no remedy whatever. Under the civil service act, the only remedy afforded him is by appeal to the civil service commission.
There being but two members of the state civil service commission, both members must concur in an order disaffirming or modifying the order of removal entered by the officer or board having the power to make the same.
Where the members of the civil service commission fail to concur in such order, the order appealed from will stand as a final order in the removal proceedings.
Where one member of the civil service commission refuses to join in a judgment disaffirming the order of removal, the situation presented is analogous to the situation presented in the, court of appeals where one member of that court refuses to join in a reversal of the judgment on the weight of the evidence.
Under the provisions of the constitution of this state, the two concurring judges cannot enter a judgment of reversal on the ground that the judgment under review is against the weight of the evidence, nor does the language of the constitution in terms provide that a judgment of affirmance should be entered, although the inference naturally follows. that where under the law and the constitution of this state the judgment cannot be reversed, a judgment of affirmance should be entered, even though two of the three members of the court of *58 appeals dissent therefrom; and that is the course followed by the courts of appeals of this state. In any event, however, the judgment sought to be reversed in such action must stand as the final judgment in the cause, unless' reversed by the court of appeals for other reasons.
The failure of the civil service commission to affirm, disaffirm or modify the order of removal, does not vest jurisdiction in the courts of this state to hear and determine the correctness of such order, or to control by injunction or other mandatory writ the discretion of the appointing authority, where that authority has acted within the scope of its statutory powers.
The demurrer to the petition is overruled, and the respondent not desiring to plead further judgment is entered in accordance with the prayer of the petition.

Writ allowed.

Nichols, C. J., Wanamaker, Newman, Jones, Matthias, Johnson and Donahue, JJ., concur.